**UNITED STATES of America,
Appellee,**

v.

**Ramiro ROBLEDO, Defendant–
Appellant.**

No. 06–4212–CR.

United States Court of Appeals,
Second Circuit.

Nov. 9, 2007.

Michael A. Levy, Assistant United States Attorney (Michael J. Garcia, United States Attorney, Daniel A. Braun, Assistant United States Attorney, of counsel), United States Attorney's Office for the Southern District of New York, New York, NY, for Appellee.

Present JOSÉ A. CABRANES, ROBERT A. KATZMANN, PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Defendant-appellant Ramiro Robledo appeals from a judgment of conviction sentencing him to 144 months of incarceration, five years of supervised release, and a special assessment of $100. Defendant was found guilty following a bench trial of conspiracy to distribute and possess with intent to distribute five or more kilograms of cocaine and one kilogram of heroin in violation of 21 U.S.C. § 846. On appeal, he argues that the District Court impermissibly admitted evidence obtained through electronic surveillance that he alleges violated the mandates of 18 U.S.C. §§ 2518(1)(c) and 2518(3)(c) that the government demonstrate the inadequacy of alternative investigative procedures. We assume the parties' familiarity with the facts and the procedural history of the case.

All applications for electronic surveillance must include "a full and complete statement as to whether or not other investigative procedures have been tried and failed or why they reasonably appear to be unlikely to succeed if tried or to be too dangerous." 18 U.S.C. § 2518(1)(c). Defendant argues that the government failed to demonstrate that it could not effectively investigate the narcotics conspiracy through means other than by wiretapping

Susan C. Wolfe, Hoffman & Pollok, LLP, New York, NY, for Appellant.

a series of wireless phones used by Ramon Taveras, including by having its confidential source take a more active role in the conspiracy. Defendant notes that courts have suppressed wiretap evidence where the government failed to use alternative investigative techniques before seeking wiretap authority. *See, e.g., United States v. Lilla,* 699 F.2d 99, 105–106 (2d Cir.1983) (reversing drug convictions where government's application for electronic surveillance failed to demonstrate compliance with 18 U.S.C. § 2518(1)(c)).

However, 18 U.S.C. § 2518(1)(c) does not require that electronic surveillance be considered only as a method of last resort. "The purpose of the statutory requirements is not to preclude resort to electronic surveillance until after all other possible means of investigation have been exhausted by investigative agents; rather, they only require that the agents inform the authorizing judicial officer of the nature and progress of the investigation and of the difficulties inherent in the use of normal law enforcement methods." *United States v. Torres,* 901 F.2d 205, 231 (2d Cir.1990) (quoting *United States v. Vazquez,* 605 F.2d 1269, 1282 (2d Cir. 1979)). In this case, the government considered eight alternative investigatory techniques, but given the limits of having only one confidential source—who was not in a central position in the conspiracy—the government demonstrated that electronic surveillance was necessary. The technique proffered by defense counsel, that the confidential source be employed as driver, was fully demonstrated by the government to be impracticable and likely to cut short the investigation. "The issue of whether a normal investigative method has been exhausted must be tested in a practical and common sense manner." *United*

*States v. Diaz,* 176 F.3d 52, 111 (2d Cir. 1999)

It is noteworthy that the government filed five applications, one for the initial wiretap and four subsequent extensions, before four different district judges, all of whom concluded that the wiretap was necessary. The evidence was admitted by a fifth judge who likewise concluded that the wiretapping was warranted. "The role of an appeals court in reviewing the issuance of a wiretap order ... 'is not to make a *de novo* determination of sufficiency as if it were a district judge, but to decide if the facts set forth in the application were minimally adequate to support the determination that was made.'" *Torres,* 901 F.2d at 231 (quoting *United States v. Scibelli,* 549 F.2d 222, 226 (1st Cir.1977)). From our review of the record, we find no error on the part of any of the judges involved. The motion to suppress the evidence obtained through electronic surveillance was properly denied.

Upon a review of the record and the relevant law, we detect no error in the District Court's judgment dated August 29, 2006. We have considered all of defendant's claims on appeal and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the District Court.